IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LOUIS SAIA, <br><br> Plaintiff, <br><br> vs. <br><br> FJ MANAGEMENT, INC. d/b/a FLYING J, INC., FLYING J INSURANCE SERVICES, INC., and/or its Successor, THE BUCKNER COMPANY, TRANSPORTATION ALLIANCE BANK, INC., TRANSPORTATION ALLIANCE LEASING, LLC, TAB BANK, INC., TAB BANK, INC. d/b/a TRANSPORTATION ALLIANCE LEASING, LLC, JAGJIT "J.J." SINGH, STEPHEN PARKER, JOHN DOES A, B, and C, AND JANE DOES A, B, and C, <br><br> Defendants. | Case No. 1:15cv1045 JDB-egb |

### DEFENDANT JAGJIT "J.J." SINGH'S MOTION TO DISMISS THE COMPLAINT

Defendant Jagjit "J.J." Singh ("Defendant" or "Mr. Singh"), by his undersigned counsel, hereby respectfully moves to dismiss with prejudice the Complaint filed by Plaintiff Louis Saia ("Plaintiff"). As set forth in Defendant's Memorandum of Law submitted contemporaneously herewith, Plaintiff's claims against Mr. Singh are subject to dismissal because they are barred by the doctrine of res judicata; because Plaintiff lacks standing; because the Complaint is an improper collateral attack on prior rulings of other courts; and because they fail under Rules 12(b)(6) and 9(b).

In this lawsuit, Plaintiff seeks to re-litigate claims that were previously adjudicated by two Utah state courts in 2012. In the first Utah case, Plaintiff asserted claims in a counterclaim and third-party complaint against TAB and Flying J. The Utah court dismissed Plaintiff's claims

61352753.2

on the grounds that he lacked standing, reasoning that the claims belonged to his company, St. Michael. TAB eventually filed a motion for summary judgment on its claims against Plaintiff. In his opposition, Plaintiff attempted to defeat TAB's motion for summary judgment by rearguing his dismissed claims. After a full round of briefing and oral argument, the Utah court granted TAB's motion for summary judgment and entered judgment against Plaintiff in the amount of $1,331,646.

In a separate Utah legal proceeding, filed while the above lawsuit was still pending, Plaintiff filed another complaint against TAB and Flying J. This complaint asserted the same factual allegations and claims as Plaintiff asserted before against TAB and Flying J. In April 2012, the Utah court entered an order dismissing Plaintiff's complaint with prejudice and on the merits. In addition, the Utah court granted TAB's motion for attorneys' fees.

All of Plaintiff's claims in this current lawsuit were asserted in those previous Utah actions (and/or could and should have been asserted there). The only possible exceptions are Plaintiff's claims for abuse of process and malicious prosecution. However, those claims are only asserted against TAB, and not Mr. Singh.

In a separate legal proceeding, in 2008, St. Michael filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Western District of Tennessee. This was later converted into a Chapter 7 bankruptcy. In 2013, after the Utah court dismissed Plaintiff's claims for lack of standing, the bankruptcy trustee for St. Michael filed an adversary proceeding against TAB, Flying J, and Mr. Singh (and some other related parties). The trustee's complaint asserted essentially the same claims as Plaintiff asserted in the Utah actions. All defendants in the adversary proceeding have filed motions to dismiss, which are now fully briefed. The bankruptcy court has set a hearing on those motions to dismiss for June 23, 2015. Significantly,

<u>Plaintiff's Complaint in this lawsuit is almost entirely a *word-for-word* copy of the bankruptcy trustee's complaint.</u>

Plaintiff's Complaint should be dismissed as a matter of law on multiple grounds. Specifically:

1. Plaintiff's claims are barred by the doctrine of res judicata.

2. Plaintiff's claims are barred by the doctrine of collateral estoppel.

3. Plaintiff lacks standing to assert these claims because they belong to St. Michael (as the Utah court ruled).

4. Plaintiff's claims are barred because they are an impermissible collateral attack on the judgments in the Utah actions; and because this Court lacks jurisdiction to sit in review of those judgments under the *Rooker-Feldman* doctrine.

5. Plaintiff's claims are barred because they are an impermissible collateral attack on the order entered by the bankruptcy court in St. Michael's bankruptcy proceeding.

Finally, even if Plaintiff's claims were not barred for all of the above reasons, they should be dismissed because they are substantively meritless and fail under Rule 12(b)(6) and Rule 9(b). The various grounds for dismissal under Rule 12(b)(6) and Rule 9(b) are discussed in Section IV of the accompanying Memorandum of Law. For example, most of Plaintiff's claims are barred by the statute of limitations and/or lack a private right of action (among multiple other grounds for dismissal).

DATED this ___ of June, 2015.

Respectfully submitted,

/s/ Amber D. Floyd
Douglas M. Alrutz, (TN #11389)
Amber D. Floyd (TN #29160)
WYATT, TARRANT & COMBS, LLP
Aaron Brenner Drive, Suite 800
Memphis, TN 38120
Telephone:  (901) 537-1000
Facsimile:  (901) 537-1010
dalrutz@wyattfirm.com
afloyd@wyattfirm.com

MANNING CURTIS BRADSHAW
  & BEDNAR LLC
Alan C. Bradshaw (*pro hac vice*)
James E. Ji (*pro hac vice*)
East South Temple, Suite 1300
Salt Lake City, UT  84111
Telephone:  (801) 363-5678
Facsimile:  (801) 364-5678
abradshaw@mc2b.com
jji@mc2b.com

*Attorneys for Defendant Jagjit "J.J." Singh*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 5th day of June, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. A copy of the foregoing was also sent via electronic mail to following:

Michael L. Weinman
WEINMAN & ASSOCIATES
112 S. Liberty Street, Ste. 321
P.O. Box 266
Jackson, Tennessee 38302
mike@weinmanandassoc.com
*Attorneys for Plaintiff*

Michael A. Gehret
Douglas Farr
SNELL & WILMER, L.L.P.
15 W. South Temple, Suite 1200
Salt Lake City, Utah 84101
mgehret@swlaw.com
dfarr@swlaw.com
*Attorneys for Transportation Alliance Bank, Inc., Transportation Alliance Leasing, LLC, and Stephen Parker*

Gene L. Humphreys
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
ghumphreys@bassberry.com

John S. Golwen
J. Brook Lathram
Jonathan E. Nelson
BASS, BERRY & SIMS, PLC
100 Peabody Place, Suite 900
Memphis, Tennessee 38103
jgolwen@bassberry.com
blathram@bassberry.com
jenelson@bassberry.com
*Attorneys for Defendants, Flying J. Inc., FJ Management, Inc. d/b/a Flying J. Inc., Flying J. Insurance Services, Inc., and The Buckner Company*

/s/ Amber D. Floyd