IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LOUIS SAIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FJ MANAGEMENT, INC. d/b/a FLYING J, INC., | ) |
| FLYING J INSURANCE SERVICES, INC., and/or | ) Case No. 1:15cv1045 JDB-egb |
| its Successor, THE BUCKNER COMPANY, | ) |
| TRANSPORTATION ALLIANCE BANK, INC., | ) |
| TRANSPORTATION ALLIANCE LEASING, | ) |
| LLC, TAB BANK, INC., TAB BANK, INC. d/b/a | ) |
| TRANSPORTATION ALLIANCE LEASING, | ) |
| LLC, JAGJIT "J.J." SINGH, STEPHEN PARKER, | ) |
| JOHN DOES A, B, and C, AND JANE DOES A, B, | ) |
| and C, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT JAGJIT "J.J." SINGH'S MOTION TO DISMISS
## THE SECOND AMENDED COMPLAINT

Defendant Jagjit "J.J." Singh ("Defendant" or "Mr. Singh"), by and through his undersigned counsel, moves to dismiss with prejudice the Second Amended Complaint ("SAC") filed by Plaintiff Louis Saia ("Plaintiff"). The SAC should be dismissed for at least two reasons:

1) The SAC is procedurally improper because Plaintiff did not obtain leave of Court. Plaintiff already filed an amended complaint on October 16, 2015 (Dkt. #62). Plaintiff did not obtain the Defendants' consent to file a second amended pleading. Therefore, under Rule 15(a), Plaintiff was required to obtain the Court's leave. Because Plaintiff failed to obtain such leave, the SAC should be dismissed.

1

2) Even if the Court did grant Plaintiff leave to file a second amended pleading, the SAC should be dismissed with prejudice for all of the same reasons as Plaintiffs' original Complaint. Defendant has filed a Motion to Dismiss the original Complaint, which is now fully-briefed and pending before the Court. As demonstrated by Defendant in that briefing, Plaintiff's claims are subject to dismissal because they are barred by the doctrines of claim preclusion and issue preclusion; Plaintiff lacks standing; the Complaint is an improper collateral attack on prior orders of other courts; and Plaintiff's claims fail under Rules 12(b)(6) and 9(b). (Defendant has filed a separate Motion to Dismiss the First Amended Complaint on these same grounds.) The "new" allegations in Plaintiffs' SAC are superficial and do not change the substance of Plaintiffs' claims or the nature of relief sought. All of the grounds for dismissal set forth in Defendant's initial Motion to Dismiss apply with equal (or greater) force to the SAC. Defendant fully incorporates those prior arguments into this Motion to Dismiss the SAC, as if fully restated herein.

This Motion to Dismiss the SAC is supported by the Memorandum of Law submitted contemporaneously herewith.

DATED this 12th day of November, 2015.

Respectfully submitted,

/s/ Douglas M. Alrutz
Douglas M. Alrutz, (TN #11389)
Amber D. Floyd (TN #29160)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
Tel: (901) 537-1000
Fax: (901) 537-1010
dalrutz@wyattfirm.com
afloyd@wyattfirm.com

2

        MANNING CURTIS BRADSHAW
          & BEDNAR PLLC
        Alan C. Bradshaw (*pro hac vice*)
        James E. Ji (*pro hac vice*)
        136 East South Temple, Suite 1300
        Salt Lake City, UT  84111
        Telephone:  (801) 363-5678
        Facsimile:  (801) 364-5678
        abradshaw@mc2b.com
        jji@mc2b.com

        *Attorneys for Defendant Jagjit "J.J." Singh*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 12th day of November, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.  A copy of the foregoing was also sent via electronic mail to following:

| | |
|---|---|
| Louis Saia<br>46 Dovecrest Cove<br>Jackson, TN  38305<br>*Pro se Plaintiff* | Gene L. Humphreys<br>BASS, BERRY & SIMS, PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, Tennessee 37201<br>ghumphreys@bassberry.com |
| Michael A. Gehret<br>Douglas Farr<br>SNELL & WILMER, L.L.P.<br>15 W. South Temple, Suite 1200<br>Salt Lake City, Utah 84101<br>mgehret@swlaw.com<br>dfarr@swlaw.com<br>*Attorneys for Transportation Alliance Bank, Inc.*<br>*Transportation Alliance Leasing, LLC, and*<br>*Stephen Parker* | John S. Golwen<br>J. Brook Lathram<br>Jonathan E. Nelson<br>BASS, BERRY & SIMS, PLC<br>100 Peabody Place, Suite 900<br>Memphis, Tennessee 38103<br>jgolwen@bassberry.com<br>blathram@bassberry.com<br>jenelson@bassberry.com<br>*Attorneys for Defendants, Flying J. Inc., FJ*<br>*Management, Inc. d/b/a Flying J. Inc., Flying*<br>*J. Insurance Services, Inc., and The Buckner*<br>*Company* |

61423704.1

        /s/  Douglas M. Alrutz
        Douglas M. Alrutz