# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| LOUIS SAIA,<br><br>**Plaintiff,**<br><br>vs.<br><br>FLYING J, INC.,<br>FJ MANAGEMENT, INC. d/b/a FLYING J, INC.;<br>FLYING J. INSURANCE SERVICES, INC. and/or its Successor, THE BUCKNER COMPANY; TRANSPORTATION ALLIANCE BANK, INC.; TRANSPORTATION ALLIANCE LEASING, LLC; TAB BANK, INC.; TAB BANK, INC. d/b/a/ TRANSPORTATION ALLIANCE LEASING, LLC; JAGIT "J.J." SINGH, STEPHEN PARKER, JOHN DOES A, B, and C AND JANE DOES A, B, and C,<br><br>**Defendants.** | No. 15-cv-01045-STA-egb |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Louis Saia's Motion for Reconsideration (ECF No. 108) filed on April 28, 2016. Defendants Transportation Alliance Bank, Inc.; Transportation Alliance Leasing, LLC; Stephen Parker; FJ Management, Inc. d/b/a Flying J, Inc.; Flying J Insurance Services, Inc. and/or its Successor The Buckner Company have responded in opposition, and Plaintiff has filed a reply brief.[1] For the reasons set forth below, Plaintiff's Motion is **DENIED**.

---

[1] Plaintiff filed a Motion for Leave to File a Reply (ECF No. 111) on May 13, 2016, and filed the reply brief as the next docket entry (ECF No. 112). Defendants filed a response in opposition to Plaintiff's request to file the reply. While the Court finds the reply does not actually raise any new arguments, the Court finds good cause to allow Plaintiff to file the brief. Therefore, Plaintiff's Motion for Leave is **GRANTED**.

**BACKGROUND**

The Court has set out the factual background of this matter in previous orders and need not review the full procedural history of the case here. Briefly, Plaintiff's Complaint alleged claims against Defendants for fraud, tortious conspiracy, a civil claim for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraudulent concealment, negligent misrepresentation, malicious prosecution, abuse of process, and common law unconscionability. Plaintiff alleged that Defendants acted in concert to take control of Saint Michael Motor Express ("St. Michael"), a Tennessee corporation in the business of providing over-the-road transportation services for goods and products in the United States and, in particular, refrigerated transport services. Plaintiff was the sole shareholder and president of St. Michael. Defendants and their related entities provided a variety of financial services to St. Michael and ultimately took control of St. Michael's assets. Defendants did so, according to the Complaint, by making false representations to Plaintiff and to the United States Bankruptcy Court where St. Michael had filed for Chapter 11 bankruptcy reorganization and protection.

On March 28, 2016, the Court entered an order granting Defendants' motions to dismiss the Complaint. In support of their Rule 12(b)(6) motions, Defendants raised a number of arguments for dismissal, including res judicata (in light of previous litigation between these parties in the state of Utah), collateral estoppel, standing, the *Rooker-Feldman* doctrine, timeliness, and failure to state a claim. The Court concluded that it was unnecessary to reach all of the issues presented in Defendants' motions to dismiss and held as a threshold matter that Plaintiff lacked standing to bring claims that properly belonged to his company St. Michael. Therefore, the Court dismissed the Complaint for

lack of standing. Subsequent to the Court's merits ruling on the initial Complaint, the Magistrate Judge denied Plaintiff's motion for leave to file an amended complaint. On April 27, 2016, the Court entered an order denying Defendants' joint motion for sanctions (ECF No. 109).

In his *pro se* Motion for Reconsideration, Plaintiff raises three grounds to support his request for revision of the Court's dismissal order. First, Plaintiff argues that the Court's ruling was based on a clear error of law. According to Plaintiff, the Court erroneously relied on the Sixth Circuit's unpublished per curiam decision in *Quarles v. City of E. Cleveland*, 202 F.3d 269 (6th Cir. 1999). Plaintiff argues that *Quarles* is distinguishable on its facts from Plaintiff's case. Plaintiff goes on to argue that the Court should have followed the Sixth Circuit's decision in *Kepley v. Lanz*, 715 F.3d 969 (6th Cir. 2013) where the Court of Appeals concluded that Kentucky courts would follow Delaware's law of corporations and held that a "part-owner of a closely held company had standing to sue another owner for that owner's threats to sell restricted shares."[2]

Second, Plaintiff states that he has recently received new evidence from the United States Bankruptcy Trustee in St. Michael Express's bankruptcy proceeding. The new evidence lends additional support to Plaintiff's factual allegations of Defendants' fraudulent conduct. Plaintiff explains that he received the new evidence on March 24, 2016, and has attached the new evidence as exhibits to his Motion for Reconsideration. The new evidence largely consists of email messages between various employees of Defendants and Plaintiff discussing the need for St. Michael to obtain new insurance quotes. Plaintiff argues that the new evidence shows Defendants' emergency motion for

---

[2] Pl.'s Mot. for Reconsideration 6 (ECF No. 108).

3

relief before the Bankruptcy Court to take control of St. Michael's assets was a fraud on the court. Plaintiff argues that the new evidence lends even more support to his claims of fraud and should prompt the Court to reconsider the application of the *Rooker-Feldman* doctrine or the doctrine of res judicata. Plaintiff emphasizes that none of the evidence was ever presented to the Utah court.

Third and finally, Plaintiff argues that reconsideration is necessary to prevent a manifest injustice. The Court's ruling denies Plaintiff the opportunity to pursue claims against Defendants for acts that have caused significant financial losses. Plaintiff further argues that he has suffered his own injuries separate and distinct from any injury to his company as a result of Defendants' breaches of the covenant of good faith and fair dealing implied from Plaintiff's guaranty agreement. Plaintiff concludes his brief with a request for an opportunity to amend his pleadings to add allegations based on the newly discovered evidence.

Defendants have filed a joint response in opposition to Plaintiff's Motion for Reconsideration. With respect to Plaintiff's claims of clear legal error, Defendants respond that Plaintiff has failed to show any error in the Court's dismissal of the Complaint. Defendants argue that the Sixth Circuit's holding in *Quarles* is not distinguishable in any material way from the facts presented in this case. The Court should decline to consider the other cases cited by Plaintiff because Plaintiff failed to cite them or brief them as part of his original submission on Defendants' motion to dismiss. Plaintiff should not be allowed now to circle back and raise new arguments to oppose dismissal. Defendants also highlight that the cases on which Plaintiff relies were decided under Indiana law; Tennessee law governs the claims in this case. Defendants collect a

number of cases holding, like *Quarles*, that a personal guarantor of corporate debt lacks standing to sue for injuries to the corporation. For similar reasons the Court should also reject Plaintiff's arguments relying on Delaware law instead of controlling decisions of the Tennessee Supreme Court. Thus, Plaintiff has not shown that the Court's order of dismissal contained clear error of law.

Defendants next dispute Plaintiff's claims that the discovery of new evidence supports reconsideration. Plaintiff has not shown that the evidence was previously unavailable to him. Only one affidavit shows that Plaintiff received the affidavit on March 24, 2016. Some of the evidence dates back to 2012. And more to the point, none of the evidence alters the Court's legal conclusion that Plaintiff lacked standing to assert his claims. Under the circumstances, Plaintiff has not established that newly available evidence requires revision of the Court's order of dismissal. As for the third ground for reconsideration, Defendants argue that Plaintiff has not carried his burden to satisfy the manifest injustice standard. Plaintiff has simply failed to identify with particularity any fundamental flaw in the Court's evaluation of his pleadings.

Defendants conclude with an objection to Plaintiff's argument on the *Rooker-Feldman* doctrine because the Court's dismissal of the Complaint was based on standing and only standing. The Court should likewise decline Plaintiff's request to amend his pleadings. Plaintiff had the opportunity to file objections to the Magistrate Judge's order denying his motion to amend and failed to do so. Therefore, the Court should deny the Motion for Reconsideration.

In his reply, Plaintiff raises several arguments to support reconsideration. Plaintiff begins by stating that the previous litigation in Utah between Plaintiff and some

of the same Defendants does not render Plaintiff's claims in this case res judicata. Plaintiff goes on to argue that St. Michael's bankruptcy proceedings do not preclude Plaintiff's claims because Plaintiff is not a party to the bankruptcy matter. The Bankruptcy Court recently decided that St. Michael lacked standing to pursue its adversary claims and that the Bankruptcy Court was not the proper forum to pursue the claims. Plaintiff suggests then that he has suffered a wrong without a remedy. Concerning *Quarles* and the other cases cited by the parties, Plaintiff maintains that the cases on which he relies are only distinguishable insofar as the fraudulent conduct of the Defendants in the case at bar was even more egregious. Plaintiff next argues that he has standing to pursue his own RICO claims against Defendants. And as far as the new evidence submitted, Plaintiff contends that he had not seen most of the evidence before March 24, 2016. Plaintiff lastly argues that the Court erred in dismissing his Complaint before giving him an opportunity to amend his pleadings and include new factual allegations to support his claims.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) provides that parties can file a motion to alter or amend a judgment within twenty-eight (28) days of entry of the judgment.[3] Rule 59(e) may be appropriate only for the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice.[4] A Rule 59(e) motion must state with particularity the

---

[3] Fed. R. Civ. P. 59(e).

[4] *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009).

grounds for the relief sought in the motion.[5] "The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."[6] Even so, Rule 59(e) motions serve a "limited" purpose.[7] Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly."[8] Therefore, Rule 59(e) motions should not be based on legal arguments or evidence that the movant simply failed to raise in the earlier motion.[9] Put another way, "a motion to reconsider generally is not a vehicle to reargue a case" with new theories the party could have raised at an earlier stage of the case.[10] "[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."[11]

---

[5] *Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005) ("Moving parties are exhorted to state with clarity the basis for their Rule 59(e) motions.").

[6] *Howard v. United States*, 533 F.3d 472, 475 (6th Cir.2008) (quotation marks and citations omitted).

[7] *Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009).

[8] 11 Charles Alan Wright *et al., Federal Practice and Procedure* § 2810.1 (2d ed. 1995) (footnotes omitted).

[9] *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 519 n.5 (2008) (citing 11 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2810.1 pp. 127-128 (2d ed. 1995)); *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007).

[10] *United States v. LaDeau*, 734 F.3d 561, 572 (6th Cir. 2013) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

[11] *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992)).

## ANALYSIS

The Court holds that Plaintiff has not shown why reconsideration of the Court's order of dismissal would be proper in this case. The Court dismissed Plaintiff's Complaint for lack of standing. Plaintiff seeks revision of the dismissal order for a number of reasons, which are by and large unrelated to the question of standing. To the extent that Plaintiff seeks to introduce new evidence as the basis for reconsideration, Plaintiff has not shown with particularity how any of the evidence somehow establishes his standing to bring the claims alleged in his Complaint. And to the extent that Plaintiff argues other theories such as the *Rooker-Feldman* doctrine or res judicata as grounds for reconsideration, Plaintiff's arguments are without merit. The Court decided the case only on the threshold issue of standing, and not on the basis of any other legal doctrine. Plaintiff has likewise failed to carry his burden to show how dismissal of his claims is a manifest injustice.

Plaintiff's only arguments squarely addressed to the issue of standing concern the Court's application of the *Quarles* decision and its failure to consider the Sixth Circuit's opinion in *Kepley v. Lanz*, 715 F.3d 969 (6th Cir. 2013). While Plaintiff believes *Kepley* and not *Quarles* controls this case, the Court disagrees. As a procedural matter, Plaintiff could have raised *Kepley* in his original submissions to the Court on Defendants' motions to dismiss. Rule 59(e) does not permit Plaintiff to return to the standing issue with citations to new cases or additional legal arguments. Even if Plaintiff had previously cited *Kepley*, the Court finds that nothing in that decision would alter the Court's analysis of the standing issue in the case at bar. The remainder of Plaintiff's argument in support of his Motion for Reconsideration on the standing issue is simply a repetition of the

arguments the Court has already heard and rejected. Therefore, Plaintiff's Motion for Reconsideration must be **DENIED**.

Plaintiff's Motion for Reconsideration also challenges the Magistrate Judge's order denying Plaintiff's motion to amend his complaint. Plaintiff states that if granted leave to amend, he would include new factual allegations in an amended pleading to buttress his fraud claims against Defendants.[12] The Court understands Plaintiff's objection to be that in November 2015 the Court ordered the parties not to file any amended pleadings until the Magistrate Judge could decide Plaintiff's motion to amend his complaint[13] and that the Magistrate Judge subsequently denied the motion to amend. From Plaintiff's perspective he was never given an opportunity to amend his pleadings.

However, the Magistrate Judge simply concluded that the amended complaint proposed by Plaintiff was futile because it did not plead facts to establish Plaintiff's

---

[12] Defendants respond that Plaintiff failed to raise any objections to the Magistrate Judge's order in the time allowed under the Federal Rules of Civil Procedure 72. Rule 72(a) grants a party the opportunity to file objections to an order issued by a Magistrate Judge but only within 14 days from the service of the order. Fed. R. Civ. P. 72(a). In its order referring Plaintiff's motion to amend his complaint to the Magistrate Judge, the Court specifically cautioned the parties that any objections to the Magistrate Judge's order had to be filed within 14 days. Order Referring Motion 3, Nov. 16, 2015 (ECF No. 97). The Magistrate Judge's order denying Plaintiff's motion to amend his complaint was issued March 30, 2015. Plaintiff did not file any objections within the time allowed under Rule 72(a), and his Motion for Reconsideration was filed on April 25, 2016.

[13] By way of background, Plaintiff filed *pro se* a Supplemental and Amended Complaint (ECF No. 60) on October 16, 2015, and a Second Supplemental and Amended Complaint (ECF No. 62) on October 29, 2015. Plaintiff did not seek prior leave of court to file the amended pleadings, and Defendants quickly filed a number of motions to dismiss addressed to the amended pleadings. At that time Defendants' motions to dismiss the initial Complaint were also still pending before the Court. In an effort to control the orderly presentation of the issues, the Court entered an order striking Plaintiff's amended pleadings, denying Defendants' motions to dismiss the amended pleadings, and referring Plaintiff's motion to amend his complaint to the Magistrate Judge. Order Striking Pleadings, Order Denying Motions to Dismiss, Order Referring Motion Nov. 16, 2015 (ECF No. 97).

standing. Even liberally construed as objections under Rule 72(a), Plaintiff's Motion for Reconsideration has not shown that the Magistrate Judge's evaluation of the proposed amended complaint was clearly erroneous or contrary to law. Moreover, in the more than two months since the Magistrate Judge entered his order, Plaintiff was free to file an appropriate motion at any time if he believed he could cure the standing defect in his pleadings.[14] Plaintiff never filed such a motion and instead requested reconsideration of the Court's order of dismissal. The Court finds there has been no abridgement of Plaintiff's right to amend his pleadings.

Finally, the Court pauses to address Plaintiff's concerns that his is a "wrong without a remedy." The Court dismissed Plaintiff's initial Complaint for lack of standing. According to Plaintiff, the Bankruptcy Court has since declined to reopen St. Michael's adversary proceeding or allow St. Michael to bring identical claims against Defendants in the Bankruptcy Court, apparently for lack of standing and because the Bankruptcy Court was not the proper forum for the claims. Plaintiff simply believes that he is now left without recourse to pursue a remedy for Defendants' alleged wrongs. This is not necessarily so. The Court's holding here is only that Plaintiff has failed to plead the elements of his own standing to pursue the claims in his initial Complaint. As is clear from Plaintiff's filings with the Court, Plaintiff believes that he has been the victim of a fraudulent scheme and that certain parties have furthered the scheme by perpetrating a fraud on courts other than this one. The Federal Rules of Civil Procedure, and their analogs in the various states rules of procedure, permit relief of various kinds where one

---

[14] *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 844 (6th Cir. 2012) ("[I]t is not the district court's role to initiate amendments.").

party believes that another party has prevailed by means of some fraud. Just because Plaintiff's initial Complaint has not alleged Plaintiff's own standing to vindicate wrongs allegedly committed against his company does not mean that Plaintiff or St. Michael lacks any other avenue of relief. The Court's holding is only that Plaintiff has not shown why he is entitled to any relief from this Court.

## CONCLUSION

Plaintiff's Motion for Reconsideration is **DENIED**. The Court having now made a determination of all of the motions filed with the Court and dismissed Plaintiff's claims for relief, the Clerk is ordered to enter judgment.

**IT IS SO ORDERED.**

                                    **s/ S. Thomas Anderson**
                                    S. THOMAS ANDERSON
                                    UNITED STATES DISTRICT JUDGE

                                    Date:   June 8, 2016.