# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: July 11, 2017

Mr. Louis Saia
46 Dovecrest Cove
Jackson, TN 38305

        Re: Case No. 16-5853, *Louis Saia v. Flying J. Incorporated, et al*
            Originating Case No. : 1:15-cv-01045

Dear Sir or Madam,

  The Court issued the enclosed (Order/Opinion) today in this case.

                          Sincerely yours,

                          s/Roy G. Ford
                          Case Manager
                          Direct Dial No. 513-564-7016

cc: Mr. Douglas Michael Alrutz
    Mr. Alan C. Bradshaw
    Mr. John S. Golwen
    Mr. Thomas M. Gould
    Mr. David J. Harris
    Mr. Jonathan E. Nelson

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 16-5853

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LOUIS SAIA, | ) | FILED |
| | ) | Jul 11, 2017 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| FLYING J. INCORPORATED, et al., | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendants-Appellees, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES A, B, AND C, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

O R D E R

Before: COLE, Chief Judge; BOGGS and MOORE, Circuit Judges.

Louis Saia, a Tennessee resident proceeding pro se, appeals the district court's judgment dismissing his action for lack of standing. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2002, Saia formed Saint Michael Motor Express ("St. Michael"), a Tennessee corporation in the business of providing over-the-road transportation services, particularly refrigerated transportation services, for products in the United States. Saia was, at all times relevant, the sole shareholder, president, and CEO of St. Michael. In 2008, St. Michael filed a Chapter 11 bankruptcy proceeding, later converted to a Chapter 7 bankruptcy proceeding. In

2009, the bankruptcy court entered a consent order, which St. Michael did not appeal, allowing Transportation Alliance Bank, Incorporated; TAB Bank, Incorporated; and Transportation Alliance Leasing, LLC (collectively, "TAB"), to repossess St. Michael's fleet of trucks. Beginning in 2010, Saia and the defendants litigated several lawsuits in Utah state court, which resulted in a 2014 judgment against Saia and in favor of TAB for $1,331,646.27.

In 2015, Saia, then proceeding through counsel, filed a complaint against the defendants alleging that, after providing various financial services to St. Michael, the defendants took control of St. Michael's assets by making false representations to Saia and the bankruptcy court. Seeking monetary and injunctive relief, Saia raised claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and state-law claims for fraud, tortious conspiracy, fraudulent concealment, negligent misrepresentation, malicious prosecution, abuse of process, and common-law unconscionability.

On June 3, 2015, counsel filed a motion to withdraw. On June 5, 2015, the defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing, inter alia, that Saia lacked standing to bring claims that properly belonged to St. Michael. On June 11, 2015, the magistrate judge granted counsel's motion to withdraw, and Saia thereafter proceeded pro se. On March 28, 2016, the district court entered an order granting the defendants' motions to dismiss for lack of standing. Saia also filed a motion for leave to amend his complaint and an amended motion for leave to amend, which the magistrate judge denied on March 30, 2016. On April 25, 2016, Saia filed a Federal Rule of Civil Procedure 59(e) motion for reconsideration of the district court's order granting the defendants' motions to dismiss. The district court denied Saia's motion for reconsideration on June 8, 2016, and entered a judgment dismissing his action on June 10, 2016.

On appeal, Saia argues that: (1) the magistrate judge erred in denying his motion for leave to file an amended complaint and amended motion for leave to amend; (2) the district court ignored evidence that Saia tendered in support of his claims; and (3) the district court erred in determining that Saia lacked standing, in part because the defendants breached a contract and the district court's standing determination resulted in manifest injustice to Saia.

We first address Saia's challenge to the district court's determination that he lacked standing to bring claims that properly belonged to St. Michael. As explained below, we discern no error in the district court's standing determination, which is largely dispositive of Saia's remaining arguments on appeal.

*State-Law Claims.* Because Article III standing involves a court's subject-matter jurisdiction, we review de novo the dismissal of a case for lack of standing under Federal Rule of Civil Procedure 12(b)(1). *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013). The district court exercised diversity jurisdiction over Saia's state-law claims and, "[i]n diversity cases, a federal court must rely upon the substantive law of the forum state." *Id.* (citation omitted). We review de novo the district court's interpretation of state law in a diversity action. *Id.*

"The dispositive question is whether [Saia]'s claim[s are] direct or derivative, and it must be answered by looking at the law in the state of incorporation." *Id.* at 972-73. "The most fundamental consequence for a plaintiff who mischaracterizes a derivative cause of action as direct is the risk of dismissal of the claim. A derivative claim belongs to the entity, and an owner has no standing to bring the claim except on behalf of the entity." *Keller v. Estate of McRedmond*, 495 S.W.3d 852, 869 (Tenn. 2016) (quoting Daniel S. Kleinberger, *Direct Versus Derivative and the Law of Limited Liability Companies*, 58 Baylor L. Rev. 63, 71 (Winter 2006)). St. Michael was incorporated in Tennessee, and the parties do not dispute that Tennessee law applies. After the district court entered judgment in Saia's case, the Tennessee Supreme Court adopted the Delaware Supreme Court's approach, as articulated in *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004), for determining whether a shareholder's claim is direct or derivative. *Keller v. Estate of McRedmond*, 495 S.W.3d 852, 877 (Tenn. 2016). Under this approach, a court determining the nature of a shareholder's claim should consider "*solely* . . . the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Id.* at 875 (quoting *Tooley*, 845 A.2d at 1033). The district court applied Tennessee's prior framework, which held that

Case 1:15-cv-00045-STA-egb   Case: 16-5853   Document 191-2   Document: 19-2   Filed: 07/10/17   Filed 07/17/17   Page: 5   Page 6 of 6   PageID #: 2831 (5 of 6)

No. 16-5853
- 4 -

"[s]tockholders may bring an action individually to recover for an injury done directly to them distinct from that incurred by the corporation and arising out of a special duty owed to the shareholders by the wrongdoer." *Hadden v. City of Gatlinburg*, 746 S.W.2d 687, 689 (Tenn. 1988), *abrogated by Keller*, 495 S.W.3d 852. In *Keller*, the Tennessee Supreme Court observed that "the approaches in *Tooley* and *Hadden* are not radically different from one another." 495 S.W.3d at 876. Under either approach, the district court properly found that Saia lacked standing to bring his state-law claims.

"Examples of direct actions by shareholders include lawsuits against the corporation or its officers or directors alleging that the shareholder was deprived of his voting rights or his right to inspect corporate books, that the shareholder was wrongfully induced into selling his stock, or that he was *directly* victimized by fraud." *Keller*, 495 S.W.3d at 869 (emphasis added); *see, e.g.*, *Kepley*, 715 F.3d at 974. Here, by contrast, Saia alleged that the defendants' actions resulted in his financial loss as St. Michael went bankrupt, Saia became liable for St. Michael's debts as part of a personal-guaranty agreement, and Saia suffered collateral consequences as the result of St. Michael's bankruptcy. The district court properly concluded that these allegations of derivative harm were insufficient to confer standing to bring a direct claim.

*RICO Claims.* Because "RICO standing is not jurisdictional," *Stooksbury v. Ross*, 528 F. App'x 547, 554 (6th Cir. 2013), we review the district court's dismissal of Saia's RICO claims de novo under Rule 12(b)(6), rather than Rule 12(b)(1), *see Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 974 n.7 (9th Cir. 2008). "In order to have standing to bring suit under RICO, a plaintiff must demonstrate proximate cause between the alleged injury and the defendant's injurious conduct." *Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003). "A central element of proximate cause is the requirement of a direct injury." *Id.* The concepts of Article III and RICO standing overlap insofar as "a plaintiff who lacks standing to vindicate a derivative injury also will be unable to show proximate cause." *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 613 (6th Cir. 2004). Because Saia's alleged injuries were derivative of St. Michael's injuries, the district court properly concluded that he lacked RICO standing. *See Firestone v. Galbreath*, 976 F.2d 279, 285 (6th Cir. 1992); *Sanders Confectionery Prods., Inc. v. Heller Fin.,*

*Inc.*, 973 F.2d 474, 487 (6th Cir. 1992); *Warren v. Mfrs. Nat'l Bank of Detroit*, 759 F.2d 542, 544 (6th Cir. 1985).

*Remaining Arguments.*  Saia argues that the magistrate judge erred in denying his motion for leave to file an amended complaint and his amended motion for leave to amend.  For the reasons articulated by the magistrate judge, Saia's motions to amend his complaint would have been futile because, in his proposed amendments, Saia continued to allege injuries that were derivative of injuries to St. Michael.  Accordingly, the magistrate judge properly denied Saia leave to amend.  *See Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009).

Saia also argues that the district court ignored new evidence presented in his motion for reconsideration.  To the contrary, the district court reviewed the evidence that Saia submitted, but concluded that reconsideration was not warranted because Saia had "not shown with particularity how any of the evidence somehow establishe[d] his standing to bring the claims alleged in his Complaint."  Accordingly, this claim is also without merit.

Finally, Saia argues, for the first time on appeal, that the defendants breached a contract and that the district court's standing determination resulted in manifest injustice.  In general, we will not review issues raised for the first time on appeal, *see McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002), and we see no reason to deviate from that policy here.

For these reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk